JOHN DOE, on the demise of PETER PEPPER, *et al. vs.* RICHARD ROE, casual ejector, and MARY E. PEPPER, tenant in possession.

Sussex County, April Term, 1896.

**Statute of Limitations. Adverse Possession.**—One who has held the possession of lands adversely for over twenty years, under a claim of title, cannot be ousted at the suit of those who have slept on their rights during that period.

**Same.**—Uninterrupted, exclusive, and adverse possession of land for more than twenty years, creates a valid title under the statute of limitations of this State, which is but a re-enactment of the common law in this regard.

**Same. Evidence.**—In determining adverse possession the jury may consider all open acts of ownership, such as selling the land and not accounting for the proceeds, paying taxes, erecting permanent improvements, under a claim of right, and all acts and declarations of the person in possession showing that he claimed to be the sole owner.

This was an action of ejectment brought by Peter Pepper, James N. Pepper, David T. Pepper, Levin A. Pepper and Sallie E. Headburg, the plaintiffs, against Mary E. Pepper, the defendant, to recover possession of their undivided interest in the lands described in the pretensions, consisting of about eighty acres, lying partly in, and partly adjoining Georgetown, in Georgetown Hundred, in Sussex County.

It was admitted on both sides, that the land in dispute was a part of the land late of Levin Pepper, who died August 10th, 1820, intestate, and was assigned to his widow, Amelia Pepper, by the Orphans' Court in the county, July 20th, 1821; to hold to her as tenant in dower during her life. Subject to this dower right, the said land descended under the intestate law, to the five children of said Levin Pepper, viz.: Thomas Pepper, Minos Pepper, Mary Pepper (afterwards Mary Marvel), John Pepper and Elizabeth McCaulley Pepper, as tenants in coparcenary, each being entitled to an undivided one-fifth part thereof. Three of the said children, Minos Pepper, John Pepper and Elizabeth McCaulley Pepper, went west many years ago, and have not been heard from for over forty years prior to the bringing of this suit, and are presumed to be dead without issue. Mary Marvel died, leaving issue. Thomas Pepper, Sr., died in 1830, intestate, leaving nine children, viz.: William Pepper, Mary E. Pepper, Thomas Pepper, Jr., Ary Pepper, Henry Pepper, Edward G. Pepper, Peter Pepper, James N. Pepper and Levin Pepper, who were the heirs-at-law of whatever interest Thomas Pepper, Sr., had in said land. Of these children, Henry Pepper died intestate, without issue, leaving as his heirs-at-law his brothers and sisters above named. The said William Pepper, Mary E. Pepper, Ary Pepper and Edward G. Pepper, died leaving lineal descendants as their heirs-at-law. Levin Pepper died intestate about 1886, leaving a widow, Eliza Pepper, and three children, viz.: David T. Pepper, Levin A. Pepper and Sallie E. Headburg, who together with their two said uncles, Peter Pepper and James N. Pepper, are the plaintiffs in this suit.

Thomas Pepper, Jr., died about 1892, having by his will, dated August 21, 1890, devised all his interest in said land to his wife, now his widow, Mary E. Pepper, the defendant.

The plaintiffs claimed and produced evidence tending to show that Thomas Pepper, Sr., took by inheritance as one of the heirs-at-law of Levin Pepper two-tenths of said tract; that he acquired another two-tenths by deed from his brother John Pepper; that he inherited one-tenth as one of the two heirs-at-law of his sister

Elizabeth McCaulley Pepper, making his aggregate interest five-tenths.

The plaintiffs, Peter Pepper and James N. Pepper, claimed and produced testimony tending to prove that each is entitled to one-sixteenth part of said lands as heirs-at-law of said Thomas Pepper, Sr., being two of the eight surviving children of his son, Thomas Pepper, Jr. The said David T. Pepper, Levin A. Pepper and Sallie E. Headburg, children and heirs-at-law of Levin Pepper, the son of the said Thomas, another of the said eight surviving children, claim that they together are entitled to one-sixteenth, making the total claim of the plaintiffs three-sixteenths of said land.

The defendant, Mary E. Pepper, claimed and produced testimony to show that she was the sole and rightful owner of all of the said tract, under the will of her deceased husband, said Thomas Pepper, Jr., who died lawfully seized and possessed thereof, as follows: As to the share of the said Thomas Pepper, Sr., through whom the plaintiffs claim the three-sixteenths by deed from Warren Jefferson, Sheriff of this county, dated April 22, 1835, as to the shares of Minos Pepper and Mary Marvel by Asbury C. Pepper's deed, dated January 8, 1848, and as to the share of Elizabeth McCaulley Pepper, and as to all other interests, by adverse possession for more than twenty years.

*R. C. White* (*Hearn* with him) for the plaintiff, contended that the claim of title by adverse possession must be upon a claim of right and cannot be established when the defendant admits an outstanding title.

*C. W. Cullen,* for the defendants, cited as to the character of an adverse possession which would be a proper defence, Ad. Eject. 557; *Vandyke vs. Van Buren,* 1 Cai. 32; *Jackson, et al. vs. Zoller et al.,* 3 Johns. 268; *Hagan vs. Kurtz,* 94 U. S. 773.

LORE C. J., (charging the jury.)

The question for you to determine is whether the plaintiffs have title to and are entitled to recover the said three-sixteenths or any part of the said lands.

This being an action of ejectment the plaintiffs must recover on the strength of their own title and not upon any weaknsss or defect in the title of the defendant. Therefore it is necessary for them to satisfy you by a preponderance of the evidence that they are clearly entitled to the interest claimed, and unless you should be so satisfied, your verdict should be for the defendant.

This is chiefly a question of fact, to be determined by you upon the evidence. The law governing the case is undisputed.

It is for you to say whether the land described in the deed from Sheriff Jefferson to Thomas Pepper, Jr., is or not the land in dispute. If it is the same land, it conveys to him all the interest of Thomas Pepper, Sr., except such interest as arises from the shares of Elizabeth McCaulley Pepper, whose death is presumed to have occurred after the date of the said deed, and is conclusive of such interest, as the deed is not otherwise questioned.

Should you find that the plaintiff had a title to the shares claimed; yet if Thomas Pepper, Jr., has had the land in his possession adversely for over twenty years, under a claim of title, the plaintiffs cannot recover. The law will not permit the plaintiffs or those under whom they claim, being *sui juris*, to sleep upon their rights for over twenty years, and then come into this Court and seek to oust the adverse possessor. If they do so sleep, it will be at their own peril. This is the effect of our statute of limitations, which is but the re-enactment of the common law in this regard.

Should you believe, therefore, from the evidence, that Thomas Pepper, Jr., for more than twenty years prior to the commencement of this suit, held uninterrupted, exclusive and adverse possession of the premises in dispute, then his title is valid, and your verdict should be for the defendant. When the plaintiffs have proved undisputed legal title and the defendant relies upon such adverse possession, the burden is upon the defendant to prove it. Such possession must have been adverse and not with the consent of

license of the plaintiff, and not as a tenant in coparcenery. The possession of one coparcener when not adverse, is the possession of all the coparceners.

In determining adverse possession, you may consider all open acts of ownership, such as selling the land and not accounting for the proceeds, paying taxes, erecting thereon permanent improvements under a claim of right, and all the acts and declarations of the person in possession showing that he claimed to be the sole owner.

If the said Thomas Pepper held the said premises in dispute so adversely, your verdict should be for the defendant, whatever may have been the title set up and proved by the plaintiff.

Should your verdict be for the plaintiff, you must find and determine the quantity of their interest specifically.

If for the defendant your verdict should be not guilty of the trespass in the declaration of ejectment mentioned.

*Verdict for the defendant.*